BRAY v. ROPER LUMBER CO.

(Filed May 26, 1903.)

EVIDENCE—*Witnesses—Contract.*

> Where a contract for the sale of lumber provides that it shall be graded according to the rules of a certain association, a witness who states that he is not familiar with such rules should not be allowed to testify as to the grade of the lumber.

ACTION by Ella V. Bray against the John L. Roper Lumber Company, heard by Judge *Francis D. Winston* and a jury, at December (Special) Term, 1902, of the Superior Court of CURRITUCK County.   From a judgment for the plaintiff, the defendant appealed.

*E. F. Aydlett,* for the plaintiff.
*Pruden & Pruden, Shepherd & Shepherd,* and *W. M. Bond,* for the defendant.

MONTGOMERY, J.   This action was brought by the plaintiff to recover of the defendant an alleged balance upon a contract to furnish lumber by the plaintiff to the defendant.   The contract, after setting forth the dimensions and quality of the lumber, contained the following:

"Defective boards by reason of too many large (limb)

knots, unsound knots, red heart badly stained, or other defects making them unmerchantable by the inspection laws of the North Carolina Pine Association, to be treated as culls, except when decayed (rotten) to the extent of rendering them unfit for use. No allowance will be made for lumber thus rejected."

The inspection rules of the North Carolina Pine Association, according to the contract between the parties, furnished a description and meaning of the word used in the lumber business—"culls;" and yet it appears on the trial that P. M. Bray, a witness for the plaintiff, was allowed to state, over the objection of the defendant, what class of lumber was embraced in the word "culls," although he admitted that he did not know the rules of the North Carolina Pine Association. It nowhere appears in the case on appeal that the rules of the Association were introduced in evidence. The testimony of Bray on the matter of what were "culls" ought not to have been received. We are clear on this point; but at the same time the case on appeal presents some confusion of statements. For instance, the witness Bray said: "I do not know the rules of the North Carolina Pine Association." But he went on to say in that immediate connection: "Logs will pass as merchantable under these rules that will not plane out; must be badly stained. There is nothing in the rules about stained or culls. A number one board, stained, reduces the grade, but does not make it a 'cull' unless badly stained." The witness by his testimony unequivocally stated that he did not know the inspection rules of the North Carolina Pine Association, and yet he speaks of their contents.

The confusion is increased when we turn to the instruction of his Honor to the jury on that question, where he said: "In measuring and inspecting this lumber, the rule of the North Carolina Pine Association was to obtain, whatever that rule

called for was to control them and is to control you.   Whatever that rule put in the class of *culls* must go there, whether of knots or stains, or other defects.   If applying the North Carolina Pine Association rules puts more of the timber as *culls* than the plaintiff expected, then the rule must still be enforced," etc.   The case as made up seems to treat the inspection rules of the North Carolina Pine Association as the standard of the measurement of lumber, and yet the rules, as we have said, were not introduced as evidence; and the witness Bray, though allowed to testify about the standard of measurement contained in the rules stated that he did not know what the rules were.   On the point, however, that we have discussed we are clear that the testimony of Bray was inadmissible as the case is presented to us.

Error.